[No. 20093.  Department Two.  December 21, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. MIKE
SCAMNZI *et al., Appellants.*[1]

[1] INTOXICATING LIQUORS (28, 50)—MANUFACTURE—EVIDENCE—SUF-
FICIENCY.  In a prosecution for the unlawful manufacture of in-
toxicating liquor, it is prejudicial error for the court to comment
upon the evidence of the defendants that they did not own the
premises or the still found thereon, by stating that the owner-
ship was not involved in the case and is "wholly immaterial."

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered February 2,
1926, upon a trial and conviction of the unlawful manu-
facture of intoxicating liquor.  Reversed.

*John F. Dore* and *O. T. Webb,* for appellants.

*C. T. Roscoe, John C. Richards* and *Charles R.
Denney,* for respondent.

MACKINTOSH, J.—Chapter 30 of the Laws of 1923,
p. 73 [Rem. Comp. Stat., § 7347-1], makes it a crime
for one to have in his possession a still used for the
manufacture of intoxicating liquors, and the two ap-
pellants were charged with, and convicted of, this crime,
and have appealed.

The evidence shows that neither of the appellants
owned the premises upon which the still was located,
and there was no evidence upon the question of the
ownership of the still, except that of the appellants
themselves, who testified that they did not own it.
Their possession of the still was attempted to be shown
by the fact that the arresting officers found the still
in operation and the appellants standing by it.  Added
to this, was the testimony of the officers that the ap-

¹Reported in 251 Pac. 567.

pellant Cusimano had admitted to them that he had been engaged to run the still.

The court instructed the jury "that ownership of a still is not involved in this case and it is *wholly immaterial* whether or not the defendants, or either of them, owned the still, if there was one." This instruction is objected to for the reason that it constituted a comment upon the evidence introduced by the appellants and instructed the jury that that evidence was wholly immaterial. While under the statute possession alone is sufficient to constitute the crime, yet, in a case such as this, where the evidence of possession is largely a matter of inference, the evidence of lack of ownership is an element which the jury had the right to take into consideration in determining whether the appellants had possession, for evidence of lack of ownership was admissible as tending to establish lack of possession; a jury being warranted in giving weight to the suggestion that possession is usually the result of ownership, thus substantiating the appellants' explanation of their presence at the place and time. The court should have gone no further than to state that, in order to convict one under this statute, it is not necessary for the state to prove ownership; but it was improper to comment upon the proof of non-ownership and tell the jury that this evidence was wholly immaterial. On account of this error the judgment must be reversed.

The appellant Scamnzi argues that there was no evidence upon which he could be convicted, but no appropriate motions having been made to relieve him of the verdict in the lower court, it is unnecessary here to indulge in any examination of the sufficiency of the evidence against him.

Both of the appellants are entitled to have the judg-

ment set aside and a new trial granted to them. Reversed.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.